```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------X
SANDRA C. BARKLEY,

                    Plaintiff,
                                                ORDER
    -against-
                                                04-CV-875 (RJD) (KAM)
OLYMPIA MORTGAGE COMPANY, *et al.*,

                    Defendants.
-----------------------------------------X
-----------------------------------------X
MARY LODGE,

                    Plaintiff,                 ORDER

    -against-                                   05-CV-187 (RJD) (KAM)

UNITED HOMES, LLC, *et al.*,

                    Defendants.
-----------------------------------------X
-----------------------------------------X
RODNEY GIBBONS,
                                                ORDER
                    Plaintiff,
                                                05-CV-5302 (RJD) (KAM)
    -against-

UNITED HOMES, LLC, *et al.*,

                    Defendants.
-----------------------------------------X
```

MATSUMOTO, United States Magistrate Judge:

By letter dated May 18, 2006 (doc. no. 134), plaintiffs requested that this Court "relieve plaintiffs of the obligation to respond to" interrogatories served on May 5, 2006 by DLJ Mortgage Capital, Inc., Credit Suisse (USA) LLC, Credit Suisse

First Boston Mortgage Securities Corporation, Wilshire Credit Corporation, Federal National Mortgage Association, Alliance Mortgage Company d/b/a Everhome Mortgage Company and JP Morgan Chase Bank (collectively the "DLJ defendants"). Plaintiffs' application arises from the DLJ defendants' alleged failure to propound interrogatories to plaintiffs by the Court-ordered deadline for doing so, April 21, 2006.

Notwithstanding the Court-ordered deadline, the DLJ defendants claim that there was an agreement between their counsel, Joshua Klein, Esq., and counsel for plaintiffs, Joshua Zinner, Esq., that the DLJ defendants would have until May 5, 2006 to respond to plaintiffs' interrogatories and to serve plaintiffs with their interrogatory requests. (See Emails annexed as exhibits to doc. no. 134 and doc. no. 154, Letter from Joshua Klein, Esq. dated May 19, 2006 ("Klein Ltr.").) On the other hand, plaintiffs contend that, although there was an agreement to extend the DLJ defendants' time to respond to plaintiffs' interrogatories until May 5, 2006, no such agreement was reached relative to the service of the DLJ defendants' interrogatories on plaintiffs.

Regardless of the parties' understandings, misunderstandings, or alleged agreements or disagreements regarding the service of interrogatories, the DLJ defendants have failed to explain why they did not timely seek relief from this

-2-

Court's orders that interrogatories be propounded by a date certain. As plaintiffs correctly point out, on January 31, 2006, the Court entered an order which provided, *inter alia*, that all written discovery be propounded by March 7, 2006. Subsequently, a dispute arose concerning the definition of the term "written discovery," which the defendants asserted excluded interrogatories. By Order dated April 3, 2006 (doc. no. 131), the Court ordered, *inter alia*, that interrogatories were included in the term "written discovery" and that defendants respond to plaintiffs' interrogatories. The Court further ordered that "[t]o the extent defendants have not yet served interrogatories, they shall attempt to coordinate their interrogatories and serve interrogatories by April 21, 2006." (Id. at 5.) No party, including the DLJ defendants, sought relief from this Court's April 21, 2006 deadline for propounding interrogatories.

As the parties should be aware, the Court does not favor issuing repeated orders that the parties coordinate and conduct discovery. The Court is reluctant to preclude the DLJ defendants from serving any interrogatories. Yet, it is the DLJ defendants' delays that have caused the plaintiffs and the Court unnecessarily to expend resources to obtain compliance with Court orders that previously required coordination of multiple parties and dates. Moreover, plaintiffs' counsels' plans for coordinating their responses to discovery from multiple

defendants has been disrupted by the late discovery demands by the DLJ defendants.  (See Doc. No. 134 at 2-3.)  Accordingly, the plaintiffs are granted until June 27, 2006 to respond to the DLJ defendants' interrogatories.  Consequently, the date by which the DLJ defendants and plaintiffs shall present discovery disputes is adjourned to July 10, 2006.  Responses thereto shall be submitted by July 17, 2006.

In view of the disruption caused by the DLJ defendants' late discovery demands of not only plaintiffs' counsel's plans for coordinating discovery, but also of the Court's April 3, 2006 scheduling order, the DLJ defendants shall show cause, in writing on or before May 29, 2006, why they should not reimburse plaintiffs for the fees and costs incurred relative to the instant application, as authorized by, among other provisions, Rule 37(b) of the Federal Rules of Civil Procedure.  Plaintiffs shall respond by June 2, 2006, and shall include the contemporaneous time records of their counsel demonstrating, "for each attorney, the date, the hours expended, and the nature of the work done."  See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983).

**SO ORDERED.**
Dated: May 23, 2006
      Brooklyn, New York

                                              /s/
                                    KIYO A. MATSUMOTO
                                    United States Magistrate Judge