UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
SANDRA C. BARKLEY,

       Plaintiff,

    -against-                04-cv-875 (KAM) (RLM)

UNITED HOMES, LLC, UNITED
PROPERTY GROUP, LLC, YARON
HERSHCO, GALIT NETWORK, LLC,
OLYMPIA MORTGAGE CORP., and
BENJAMIN TURNER,

       Defendants.
-------------------------------X
MARY LODGE,

       Plaintiff,

    -against-                05-cv-187 (KAM) (RLM)

UNITED HOMES, LLC, UNITED
PROPERTY GROUP, LLC, YARON
HERSHCO, GALIT NETWORK, LLC,
OLYMPIA MORTGAGE CORP., BAYVIEW
LOAN SERVICING, LLC, BAYVIEW
ASSET MANAGEMENT, LLC, U.S. BANK,
N.A., AS TRUSTEE FOR BAYVIEW
ASSET-BACKED SECURITIES TRUST
SERIES 2007-30, and BAYVIEW
FINANCIAL MANAGEMENT CORP.,

       Defendants.
-------------------------------X

```
-------------------------------X
```
DEWITT MATHIS,

        Plaintiff,

    -against-                  05-cv-4386 (KAM) (RLM)

UNITED HOMES, LLC, UNITED
PROPERTY GROUP,LLC, YARON
HERSHCO, GALIT NETWORK, LLC,
and ALLIANCE MORTGAGE BANKING
CORP.,

        Defendants.
```
-------------------------------X
```
SYLVIA GIBBONS AND SYLVIA
GIBBONS, AS ADMINISTRATOR OF THE
ESTATE OF RODNEY GIBBONS,

        Plaintiffs,

    -against-                  05-cv-5302 (KAM) (RLM)

UNITED HOMES, LLC, UNITED
PROPERTY GROUP, LLC, YARON
HERSHCO, GALIT NETWORK, LLC,
and OLYMPIA MORTGAGE CORP.,

        Defendants.
```
-------------------------------X
```
MILES MCDALE and LISA MCDALE,

        Plaintiffs,

    -against-                  05-cv-5362 (KAM) (RLM)

UNITED HOMES, LC, UNITED
PROPERTY GROUP,LLC, YARON
HERSHCO, GALIT NETWORK, LLC,
ALLIANCE MORTGAGE BANKING,
CORP., and BENJAMIN TURNER,

        Defendants.
```
-------------------------------X
```

```
-------------------------------X
```
CHARLENE WASHINGTON,

             Plaintiff,

   -against-                        05-cv-5679 (KAM) (RLM)

UNITED HOMES, LLC, UNITED
PROPERTY GROUP, LLC, YARON
HERSHCO, GALIT NETWORK, LLC,
and ALLIANCE MORTGAGE BANKING
CORP.,

             Defendants.
```
-------------------------------X
```

## <u>MEMORANDUM AND ORDER</u>

**MATSUMOTO, United States District Judge:**

        Pending before this court is a motion by plaintiffs Sandra C. Barkley; Mary Lodge; Dewitt Mathis; Miles and Lisa McDale; Charlene Washington; and Sylvia Gibbons in her individual capacity and as Administrator of the Estate of Rodney Gibbons (collectively "plaintiffs") to recover $3,750,890.69 in attorneys' fees and $116,902.09 in costs from defendants United Homes, LLC; United Property Group, LLC; Galit Network, LLC; Yaron Hershco (the "UH Defendants"); Olympia Mortgage Corp.; Bayview Loan Servicing, LLC; Bayview Asset Management, LLC; U.S. Bank, N.A., as trustee for Bayview Asset-Backed Securities Trust Series 2007-30; Bayview Financial Management Corp.; and Benjamin Turner (collectively "defendants").  The requested fees and costs arise from the legal work performed on behalf of

plaintiffs in the consolidated actions, which commenced more than seven years ago.

For the reasons set forth below, the court grants plaintiffs' applications for fees and costs, but reduces the requested amounts.

## BACKGROUND

Plaintiffs commenced these actions in 2004 and 2005 under the Fair Housing Act, 42 U.S.C. §§ 3604-05, U.S.C. §§ 1981, 1982, and 1983(3), and state and local anti-discrimination laws, including New York State Executive Law § 296(5) ("NYHRL") and Title 8 of the New York City Administrative Code ("NYCHRL"). Plaintiffs also brought state law claims for fraud and conspiracy to commit fraud, and for violations of New York General Business Law § 349 ("GBL § 349"). Plaintiffs alleged that they were victims of a property-flipping scheme whereby defendants deceived plaintiffs into purchasing defective homes financed with predatory loans. (*See generally* ECF No. 1,[1] Complaint[2] ("Compl.").) In essence, plaintiffs alleged that the UH Defendants acquired distressed, damaged, and defective residential properties in predominantly minority neighborhoods, made substandard and superficial repairs, and used racially targeted marketing strategies to sell the

---

[1] Unless otherwise indicated, all Electronic Case Filing system ("ECF") citations are to docket number 04-cv-875.

[2] Plaintiffs amended the complaint multiple times during the pendency of the actions, primarily to name proper defendants.

properties as "newly renovated" at substantially inflated prices, primarily to members of racial and ethnic minorities with little or no experience with homeownership and minimal financial acumen.  Plaintiffs further alleged that the UH defendants conspired with appraisers, attorneys, and mortgage lenders in order to perpetrate the fraudulent scheme.

The protracted litigation in these consolidated cases required the expenditure of significant time, money, and resources by all parties.  (*See generally* ECF No. 635-1, Plaintiffs' Memorandum of Law in Support of Attorneys' Fees and Costs ("AARP/SBLS Mem.") at 2-3.)  Plaintiffs have amended their complaints during the pending actions, primarily to name the proper defendants.  (*See generally* Compl.)  There were multiple rounds of discovery and discovery disputes, extensive and numerous settlement conferences and mediation sessions, and multiple unsuccessful motions to dismiss and for summary judgment.  (*Id.*)  Furthermore, the parties expended significant time preparing for and participating at trial when attempts at settlement failed.  (*Id.*)

On June 11, 2011, following a three-week trial, the jury found defendants liable for engaging in deceptive business practices in violation GBL § 349, fraud, and conspiracy to commit fraud, and awarded compensatory and punitive damages. (ECF Minute Entry dated 6/1/2011; ECF No. 566, Jury Verdict

("Verdict").) The jury found defendants not liable on plaintiffs' federal discrimination claims. (Verdict.)

Two groups of attorneys represented plaintiffs during the course of this litigation. The first group was composed of attorneys from AARP Foundation Litigation ("AARP"), South Brooklyn Legal Services ("SBLS"), and the law firm Cowan, Leibowitz & Latman, P.C. ("CLL"). With the exception of CLL, which appeared more recently in January 2011 when the trial date was established, this group (collectively "AARP/SBLS Attorneys") has represented plaintiffs throughout the duration of the instant actions. The second group was composed of attorneys from the law firm Scarola, Malone & Zubatov, LLP ("SMZ Attorneys"). The SMZ Attorneys began representing plaintiffs in 2007, but withdrew as counsel of record on March 17, 2009. (*See* Order dated March 17, 2009.) Both groups of attorneys move for an award of attorneys' fees on behalf of plaintiffs, and the court considers their motions in tandem.

The AARP/SBLS Attorneys moved for an award of attorneys' fees on April 16, 2012. (AARP/SBLS Mem. at 3 (requesting fees for Jean Constantine-Davis, Rachel Geballe, J. Christopher Jensen, Pavita Krishnaswamy, Jennifer Light, Sarah Manaugh, and Nina Simon).) Based on their requested hourly rates, the AARP/SBLS Attorneys seek $2,887,911.19 in fees, plus $85,449.38 in costs, for a total of $2,973,360.57, which

includes $2,887,911.19 in fees and $85,449.38 in costs. (*Id.* at 2.)

The SMZ Attorneys separately moved for attorneys' fees on April 16, 2012. (*See generally* Memorandum of Law in Support of Scarola, Malone & Zubatov LLP's Motion for Attorneys' Fees and Costs ("SMZ Mem.").) Based on their requested hourly rates, the SMZ Attorneys seek $894,431.20, which includes 862,979.50 in fees and $31,451.70 in costs. (*Id.* at 5.)

## DISCUSSION

As an initial matter, the court notes that plaintiffs are entitled to recover reasonable attorneys' fees because they prevailed on their deceptive practices claim pursuant to GBL § 349. *See* N.Y. Gen. Bus. L. § 349(h).

A determination of the appropriate award for attorneys' fees rests soundly within the discretion of the district court. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (concluding that "the district court, in exercising its considerable discretion [should] bear in mind all of the case-specific variables . . . relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate"). "A district court should consider the rate a reasonable, paying client would pay, and use that rate to calculate the presumptively reasonable fee." *Id.* at 193. "The party seeking

reimbursement bears the burden of proving the reasonableness and necessity of hours spent and rates charged." *Morin v. Nu-Way Plastering Inc.*, No. 03-CV-405, 2005 WL 3470371, at *2 (E.D.N.Y. Dec. 19, 2005) (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)).

**I. Reasonable Hourly Fee**

After determining that a party is entitled to fees, the court, in considering a motion for attorneys' fees and costs, must first determine the presumptively reasonable fee for the legal services performed. *See Arbor Hill*, 522 F.3d at 183-84. The presumptively reasonable fee "boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (citing *id.* at 190) (internal quotations omitted).

The Second Circuit held in *Simmons* that "a district court must first apply a presumption in favor of application of the forum rule," under which "district courts are directed to calculate attorneys' fees based on the rates prevalent in the forum in which the litigation was brought." *Id.* at 175. "[T]o overcome that presumption, a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just

possibly) produce a substantially better net result." *Id.*  In
addition, in considering the presumptively reasonable fee, the
court must consider factors such as the labor and skill
required, the difficulty of the legal issues presented, the
attorney's customary hourly rate, and the attorney's experience
and expertise.  *Id.*

## II. Reasonable Hourly Rates

### A. Requested Rates for AARP/SBLS Attorneys

The AARP/SBLS Attorneys request hourly rates for two
sets of attorneys: two attorneys seek hourly rates that prevail
in Washington, D.C.  Five attorneys seek hourly rates that
prevail in New York, although one of the attorneys, J.
Christopher Jensen, seeks compensation based on the hourly rates
awarded in the Southern District of New York, where his office
is located.  (AARP/SBLS Mem. at 7.)

### 1. Washington, D.C. Attorneys

Jean Constantine-Davis and Nina F. Simon, two of
AARP's Washington, D.C.-based attorneys, have represented
plaintiffs as counsel of record in this action since the actions
were commenced.  (*See* Declaration of Jean Constantine-Davis
("Constantine-Davis Decl.") ¶ 6; Declaration of Nina F. Simon
("Simon Decl.") ¶ 1; ECF No. 635, Exhibit A to Plaintiffs'
Memorandum of Law in Support of Attorneys' Fees and Costs
("AARP/SBLS Ex. A").)

### a. Jean Constantine-Davis

Ms. Constantine-Davis is a senior attorney at AARP, where she has worked since 1998. (*See* Constantine-Davis Decl. ¶ 6; AARP/SBLS Ex. A.) She has more than twenty-five years of experience as an attorney and specializes in mortgage lending litigation. (*Id.* ¶¶ 5-6.)

### b. Nina F. Simon

Ms. Simon was a senior attorney at AARP from 1997 until March 2009. (*See* Simon Decl. ¶ 5; AARP/SBLS Ex. A.) She is currently the Director of Litigation at the Center for Responsible Lending. (*Id.* ¶ 6.) She has more than thirty years of experience as an attorney, including more than fifteen years of experience in mortgage and lending law at AARP. (*Id.* ¶ 4.)

Plaintiffs request an hourly rate of $500 for both Ms. Constantine-Davis and Ms. Simon. (AARP/SBLS Mem. at 7.) In support of this rate, plaintiffs argue that Washington, D.C.-based attorneys with similar experience "are regularly [awarded] fees ranging from $600-740 per hour[.]" (*Id.* at 11.)

### 2. New York Attorneys

### a. J. Christopher Jensen

J. Christopher Jensen is the Chairman and partner at CLL. He has considerable experience in New York City housing law and civil litigation and significant experience litigating cases in the United States District Courts for the Southern

District of New York and the Eastern District of New York. (*See* Declaration of J. Christopher Jensen ("Jensen Decl.") ¶¶ 1, 5; AARP/SBLS Ex. A.) After graduating law school in 1973, he worked as staff counsel for Suburban Action Institute. (AARP/SBLS Mem. at 12.) He later served in the United States Attorney's Office in the Eastern District of New York, eventually becoming Chief of the Civil Division. (*Id.* at 12.) Based on this experience, plaintiffs request an hourly rate of $600-625 for Mr. Jensen. (*Id.* at 7.)

### b. Pavita Krishnaswamy

Pavita Krishnaswamy is the Deputy Director of Litigation at SBLS. (*See* Declaration of Pavita Krishnaswamy ("Krishnaswamy Decl.") ¶ 1, AARP/SBLS Ex. A.) She has worked at SBLS for more than ten years in that capacity and as part of the Comprehensive Rights Unit. Ms. Krishnaswamy has experience litigating family law, housing law, and public benefits cases in New York City. (AARP/SBLS Mem. at 17-18.) Plaintiffs request an hourly rate of $375 for Ms. Krishnaswamy, but they do not seek fees for Ms. Krishnaswamy's legal services at trial. (*Id.* at 3, 7.)

### c. Jennifer Light

Jennifer Light is a staff attorney at SBLS, where she has worked since 2000. (*See* Declaration of Jennifer Light ("Light Decl.") ¶ 1; AARP/SBLS Ex. A.) Since 2009, Ms. Light

has worked on the Foreclosure Prevention Project at SBLS. (*Id.* ¶ 7.)  Plaintiffs request an hourly rate of $400 for Ms. Light. (AARP/SBLS Mem. at 7.)

### d. Sara Manaugh

Sara Manaugh is a staff attorney at SBLS.  (*See* Declaration of Sara Manaugh ("Manaugh Decl.") ¶ 1; AARP/SBLS Ex. A.) Ms. Manaugh graduated from law school in 2003 and has experience litigating federal civil commercial actions.  (*Id.* at 16.)  Plaintiffs request an hourly rate of $375 for Ms. Manaugh. (AARP/ SBLS Mem. at 7.)

### e. Rachel Geballe

Rachel Geballe has worked as a staff attorney at SBLS since 2007 and has worked on the Foreclosure Prevention project since 2009.  (*See* Declaration of Rachel Geballe ("Geballe Decl.") ¶ 1; SBLS/AARP Ex. A.) (*Id.* ¶ 7.)  Plaintiffs request an hourly rate of $300 for Ms. Geballe.  (AARP/SBLS Mem. at 7.)

## B. Requested Rates for SMZ Attorneys

The SMZ Attorneys request fees for the following nine attorneys and four paralegals.[3]  (Exhibit A to SMZ Mem. ("SMZ Ex. A").)

---

[3] The court follows decisions in the Eastern District of New York and includes fees for work performed by paralegals in the request for attorneys' fees. *See, e.g., Carco Grp., Inc. v. Maconachy*, No. CV 05-6038(ARL), 2011 WL 6012426 (E.D.N.Y. Dec. 1, 2011); *Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC*, 553 F. Supp. 2d 201 (E.D.N.Y. 2008).

### 1. Richard J.J. Scarola

Richard J.J. Scarola is the founding and managing partner of Scarola, Malone & Zubatov LLP ("SMZ"), a New York-based law firm that specializes in complex commercial litigation.  (Declaration of Richard J.J. Scarola ("Scarola Decl.") ¶ 6; SMZ Ex. A.)  Mr. Scarola has twenty years of experience as an attorney.  (*Id.* ¶ 7.)  Plaintiffs request the following hourly rates for Mr. Scarola's work during the instant actions:

| Period | Requested Hourly Rate |
| --- | --- |
| October 2004 – January 2007 | $525 |
| January 2007 – January 2008 | $550 |
| January 2008 – March 2009 | $575 |

### 2. Alex Zubatov

Alex Zubatov is a partner at SMZ.  (Scarola Decl. ¶ 20.)  He has more than ten years of experience as an attorney and specializes in commercial litigation.  (*Id.*)  Plaintiffs request an hourly rate of $425 for Mr. Zubatov.  (*Id.* ¶ 23.)

### 3. Amy Bennett

Amy Bennett was an associate at SMZ during this litigation.  (*Id.* ¶ 15.)  While at SMZ, she specialized in commercial litigation.  (*Id.* ¶ 16.)  Ms. Bennett graduated from law school in 1996.  (*Id.*)  She has since worked in private practice and at the General Counsel's office of the City

University of New York.  (*Id.*)  Plaintiffs request an hourly rate of $275 for Ms. Bennett.  (*Id.* ¶ 23.)

### 4. Brian A. Turetsky

Brian A. Turetsky is an associate at SMZ.  (*Id.* ¶ 15.) Mr. Turetsky graduated law school in 2002.  (*Id.* ¶ 18.)  In addition to working in private practice, he also serves on the Housing & Urban Development Committee of the Association of the Bar of the City of New York.  (*Id.*)  Plaintiffs request an hourly rate of $360 for Mr. Turetsky.  (*Id.* ¶ 23.)

### 5. C. Michael Carlson

C. Michael Carlson was an associate at SMZ when he worked on the instant actions.  (*Id.* ¶ 19.)  Mr. Carlson graduated from law school in 2002 and specializes in commercial litigation at SMZ.  (*Id.*)  Plaintiffs request an hourly rate of $250 for Mr. Carlson.  (*Id.* ¶ 23.)

### 6. Frank S. Rossi, II

Frank S. Rossi, II, was an associate at SMZ during this action.  (*Id.* ¶ 15.)  Mr. Rossi graduated from law school in 2001 and specializes in commercial litigation at SMZ.  (*Id.* ¶ 17)  Plaintiffs request an hourly rate of $275 for Mr. Rossi. (*Id.* ¶ 23.)

### 7. Jon S. Drumwright

John S. Drumwright was a senior associate at SMZ during this action.  (*Id.* ¶ 14.)  Mr. Drumwright graduated from

law school in 1999 and specialized in commercial litigation at SMZ. (*Id.*) Plaintiffs request the following hourly rates for M. Drumwright's work during the instant actions (*see id.* ¶ 23.):

| Period | Requested Hourly Rate |
| --- | --- |
| March 2006 – February 2008 | $290 |
| February 2008 – August 2008 | $325 |

### 8. Mark Peters

Mark Peters was an associate at SMZ when he worked on the instant actions. (*Id.* ¶ 10.) Mr. Peters has been practicing law since 1990. (*Id.*) He has testified before the State Assembly Banking Committee regarding reform of sub-prime lending practices, and has authored several articles regarding consumer protection and related subject matter. (*Id.* ¶ 12.) Mr. Peters specialized in commercial litigation at SMZ. (*Id.* ¶ 13.) Plaintiffs request the following hourly rates for Mr. Peters's work during the instant actions:

| Period | Requested Hourly Rate |
| --- | --- |
| October 2004 – February 2006 | $350 |
| February 2006 – March 2007 | $450 |

### 9. Rachel G. Balaban

Rachel G. Balaban is a partner at SMZ. (*Id.* ¶ 21.) Ms. Balaban graduated from law school in 1999 and specializes in

commercial litigation at SMZ. (*Id.*) Plaintiffs request an hourly rate of $465 for Ms. Balaban. (*Id.* ¶ 23.)

### 10. Paralegal Staff

Additionally, SMZ requested hourly rates for four paralegals: Andrea L. Ravich, Katerina Apostolides, Michael Vahala, and Pearl Zelma. (*Id.* ¶ 23.) SMZ included no information regarding the paralegals' professional experience. (*Id.*) Plaintiffs request the following hourly rates for Ms. Ravich, Ms. Apostolides, Mr. Vahala, and Ms. Zelma:

| Paralegal | Requested Hourly Rate |
|---|---|
| Andrea L. Ravich | $80.00 |
| Katerina Apostolides | $80.00 |
| Michael Vahala | $125.00 |
| Pearl Zelma | $80.00 |

### C. Presumption of the Forum Rule

Plaintiffs request out-of-district rates for certain attorneys. Specifically, plaintiffs request Washington, D.C.-based rates for Ms. Simon and Ms. Constantine-Davis, and rates that prevail in the Southern District of New York for Mr. Jensen. In opposition, defendants argue that plaintiffs have not met their burden in overcoming the presumption in favor of the forum rate with respect to Ms. Simon, Ms. Constantine-Davis, and Mr. Jensen. (Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorneys' Fees ("Def. Opp.") at 4.)

In order to overcome the presumption in favor of application of the forum rule, plaintiffs must demonstrate that a reasonable client would have selected counsel from outside of the Eastern District of New York because doing so would "likely . . . produce a substantially better net result." *See Simmons*, 575 F.3d at 175.  To carry this burden, plaintiffs must make a "particularized showing" that "selection of out-of-district counsel was predicated on experience-based, objective factors," and that using in-district counsel likely would have "produce[d] a substantially inferior result." *Id.* at 176. Plaintiffs could make such a showing by demonstrating either (1) that experienced in-district attorneys were "unwilling or unable to take the case," or (2) that this action required special expertise that could only be found outside of the Eastern District of New York.  *See id.* (citation omitted).

Plaintiffs have failed to demonstrate that experienced attorneys within the Eastern District of New York were "unwilling or unable" to act as counsel in this case.  *See id.* A court in the Second Circuit has held that plaintiffs must have searched unsuccessfully for counsel within the Eastern District before finding representation elsewhere.  *See Harvey v. Home Savers Consulting Corp*., No. 07-CV-2645, 2011 WL 4377839, at *4 (E.D.N.Y. Aug. 12, 2011) (finding that plaintiff overcame the

forum rule presumption after unsuccessfully contacting more than 100 in-district firms before hiring Manhattan firm).

Here, plaintiffs have made an insufficient showing as to the availability or quality of counsel from within this district, or to plaintiffs' efforts in obtaining in-district representation. The record contains no indication of the number of attorneys plaintiffs contacted or the search process for attorneys within the Eastern District of New York before hiring Ms. Constantine-Davis, Ms. Simon, and Mr. Jensen. (*See* AARP/SBLS Ex. A; Plaintiffs' Reply Memorandum of Law in Support of Attorneys' Fees and Costs("AARP/SBLS Reply") at 4.) Although plaintiffs argue that the conclusions in *Harvey* are "instructive" as to the lack of experienced attorneys in the Eastern District who are willing to undertake complex fraud litigation, (*see* AARP/SBLS Reply at 5 (citing *Harvey*, 2011 WL 4377839 at *4)), plaintiffs have not provided sufficient information attesting to their own search for counsel. A mere citation to a recent case from the Eastern District of New York and a statement that counsel in the Eastern District of New York could not be located, without more, does not satisfy the *Simmons* requirement of a "particularized showing" that in-district counsel were unable or unwilling to help plaintiffs. 575 F.3d at 175. Consequently, the court finds that plaintiffs have failed to show that plaintiffs were unable to engage

representation from within the Eastern District of New York because experienced in-district attorneys were "unwilling or unable to take the case." *Id.* at 176.

Plaintiffs have also failed to show that using in-district counsel would produce a "substantially inferior result." *Simmons*, 575 F.3d at 176. Although the court acknowledges that Ms. Constantine-Davis and Ms. Simon specialize in mortgage law and that Mr. Jensen is an experienced federal trial attorney, plaintiffs have not made a particularized showing that they could not locate able counsel within the Eastern District of New York who were willing to represent plaintiffs. *See Blue Moon Media Grp., Inc. v. Field*, No. CV 08-1000, 2011 WL 4056068, at *11 (E.D.N.Y. Apr. 11, 2011) (applying forum rule where defendant provided "no specific information which would establish that local counsel with the requisite experience were unwilling or unable to take the case, or, alternatively, that no in-district counsel possessed such expertise"); *Whitney*, 2009 WL 4929274, at *6 (finding that plaintiff did not meet "stringent standard" set by *Simmons* to overcome presumption of forum rule).

Plaintiffs argue that "AARP possessed an expertise . . . that was not readily available . . . within the district" and that, absent this expertise, "plaintiffs would likely have suffered an inferior result." (*See* AARP/SBLS Reply

at 4.)  Plaintiffs, however, present no evidence to support this assertion and therefore fail to satisfy their heightened burden under *Simmons*.[4]  (*See id.* at 4-5.)  Without specific evidence that plaintiffs did in fact contact attorneys within this district, plaintiffs fail to overcome the presumption in favor of the forum rule.

Because plaintiffs have failed to overcome the presumption in favor of the forum rule, the court will next consider whether the requested rates are comparable to those typically awarded in the Eastern District of New York.  In this district, courts have recently awarded fees in the range of $300-450 per hour for partners, $200-300 for senior associates, and $100-200 for junior associates.  *See, e.g., Carco Grp., Inc. v. Machonachy*, No. CV 05-6038, 2011 WL 6012426, at *3 (E.D.N.Y. Dec. 1, 2011); *Santillan v. Henao*, 822 F. Supp. 2d 284, 300 (E.D.N.Y. Sept. 30, 2011); *Gutman v. Klein*, No. 03 Civ. 1570,

---

[4] Defendants also claim there are several recent cases in which counsel within the Eastern District of New York obtained results similar to those involved in the instant action.  The court has reviewed the cases that defendants cite, however, and finds that the cited cases are not analogous to the instant action.  The instant action involved a three-week trial with a favorable jury verdict, whereas defendants' cited cases involved court rulings on motions for summary judgment and motions to dismiss.  (*See* Def. Opp. at 11-12 (citing *Human Res. Research & Mgmt. Grp. v. Cnty. of Suffolk*, 687 F. Supp. 2d 237 (E.D.N.Y. 2010) (denying defendants' summary judgment motion when plaintiffs were represented by four groups of attorneys from within the Eastern District of New York in a Fair Housing Act lawsuit); *Reyes v. Fairfield Props.*, 661 F. Supp. 2d 249 (E.D.N.Y. 2009) (denying defendants' motion to dismiss when attorneys from within the Eastern District of New York represented plaintiffs) *Council v. Better Homes Depot, Inc.*, 04-cv-5620, WL 2376381 (E.D.N.Y. Aug. 6, 2006) (denying defendants' motion to dismiss when attorneys from within the Eastern District of New York represented plaintiffs in a lawsuit filed under GBL § 349).)

2009 WL 3296072, at *2 (E.D.N.Y. 2009). *See also Libaire v. Kaplan*, No. CV-06-1500, 2011 WL 7114006, at *4 (E.D.N.Y. Jun. 17, 2011) (awarding an hourly rate of $300 to senior associate with 26 years of experience and $200 to junior associate with three years of experience); *Toussie v. Cnty. of Suffolk*, No. CV 01-6716, 2011 WL 2173870, at *2 (E.D.N.Y. May 31, 2011) (awarding an hourly rate of $450 to partner with 34 years of experience).

Given the extensive experience of plaintiffs' attorneys and the complexity of the litigation, the court finds that application of hourly rates at the high end of these ranges is appropriate. *See Carco Grp.*, 2011 WL 6012426, at *3, 5 (awarding an hourly rate of $425 to a partner with more than twenty years of experience); *BBY Solutions, Inc. v. Schwartz*, No. CV 11-0947, 2011 WL 6986937, at *7 (E.D.N.Y Nov. 17, 2011) (awarding an hourly rate of $400 to a partner with more than twenty years of experience); *Field Day, LLC v. Cnty. of Suffolk*, Civil Action No. 04-2202, 2010 WL 5490990, at *3 (E.D.N.Y. Dec. 30, 2010) (awarding an hourly rate "at the high end of the [reasonable hourly fee] range" to a partner with "substantial experience"); *cf. Santillan* 822 F. Supp. 2d at 300 (awarding partner $375 per hour for otherwise "relatively straightforward" default case with "no novel or complex issues").

In calculating the presumptively reasonable fee, the court will therefore apply the following hourly rates:

| Attorney | Hourly Rate |
|---|---|
| Jean Constantine-Davis | $450 |
| Nina F. Simon | $400 |
| J. Christopher Jensen | $450 |
| Pavita Krishnaswamy | $325 |
| Jennifer Light | $300 |
| Sara Manaugh | $300 |
| Rachel Geballe | $200 |
| Richard J.J. Scarola | $400 |
| Amy Bennett | $200 |
| Brian Turetsky | $300 |
| C. Michael Carlson | $200 |
| Frank S. Rossi, II | $200 |
| Jon S. Drumwright | $300 |
| Mark Peters | $325 |
| Rachel G. Balaban | $400 |
| Alex Zubatov | $400 |

### D. Paralegal Staff Rates

Where, as here, a party provides no information regarding its paralegals' professional experience, a court in the Eastern District of New York may reduce hourly rates for paralegal staff. *See Protection One*, 553 F. Supp. 2d at 209 (reducing paralegals' requested rates by over 30 percent when applicant made no showing of the paralegals' professional experience). In *Protection One*, the court applied an hourly rate of $80 for paralegals in the absence of any information in the record that detailed the paralegals' professional experience. *See id.* at 209. The court adopts this rate, which alters the hourly rate of only one member of the paralegal

staff.  Accordingly, the court applies the following hourly
rates:

| Paralegal | Hourly Rate |
|---|---|
| Andrea L. Ravich | $80.00 |
| Katerina Apostolides | $80.00 |
| Michael Vahala | $80.00 |
| Pearl Zelma | $80.00 |

## II.  Reasonable Number of Hours

To support their fee application, plaintiffs have
submitted contemporaneous billing records in accordance with *New
York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d
1136, 1148 (2d Cir. 1983). (*See* AARP/SBLS Ex. A.)  The records
reflect the following hours spent by each attorney and paralegal
and do not include time excluded by plaintiff's counsel:

| Attorney | Recorded Hours |
|---|---|
| Jean Constantine-Davis | 2813.30 |
| Nina F. Simon | 1083.35 |
| J. Christopher Jensen | 284.30 |
| Pavita Krishnaswamy | 35.00 |
| Jennifer Light | 528.00 |
| Sara Manaugh | 1170.00 |
| Rachel Geballe | 393.00 |
| Richard J.J. Scarola | 479.80 |
| Amy Bennett | 79.70 |
| Brian Turetsky | 16.60 |
| C. Michael Carlson | 7.40 |
| Frank S. Rossi, II | 10.20 |
| Jon S. Drumwright | 1026.80 |
| Mark Peters | 534.60 |
| Rachel G. Balaban | 45.80 |
| Alex Zubatov | 18.20 |

| Paralegal | Recorded Hours |
|---|---|
| Andrea L. Ravich | 2.10 |
| Katerina Apostolides | 3.00 |
| Michael Vahala | 2.20 |
| Pearl Zelma | 4.00 |

The defendants argue, however, that (1) plaintiffs' limited success at trial renders the fee request unreasonable; and (2) plaintiffs' time records are vague, ambiguous, and internally inconsistent. (*See* Def. Opp. at 14-28.) Consequently, defendants urge the court to reduce the total number of hours.

## A.    Plaintiff's Degree of Success

Defendants urge the court to reduce the number of recorded hours because plaintiffs' discrimination claim — which defendants characterize as the "centerpiece of this case" — was unsuccessful and the resulting damage awards were far lower than plaintiffs sought. (Def. Opp. at 2.) Defendants argue that the court should give plaintiffs' limited success at trial primary consideration and award a lower amount in attorneys' fees. (*Id.* at 16 (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 254 (2d Cir. 2005) (internal quotations omitted).) In response, plaintiffs argue that the $1.1 million judgment and the successful jury verdict represent a "highly successful outcome" that is not overshadowed by lack of success in the discrimination claims. (AARP/SBLS Reply at 1-2.) Additionally,

plaintiffs argue that given the length and complexity of this case, plaintiffs expended a reasonable number of hours working towards its conclusion. (*Id.* at 7-8.)

Courts in the Second Circuit recognize two reasons that an attorney's recorded hours may be reduced based on limited success at trial. *See Khan v. HIP Centralized Lab. Servs., Inc.*, No. CV-03-2411, 2009 WL 2259643, at *2 (E.D.N.Y. July 29, 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). First, the hours may be reduced when an attorney's work in the action is unrelated to the successful claims. *Id.* Second, when an attorney's work cannot be neatly divided between claims, the hours may be reduced based on the "degree of success obtained" in the action. *Id.* (citing *Hensley* at 436) (internal quotations omitted).

In this case, plaintiffs' claims are interrelated, making it difficult to neatly divide the unsuccessful claims from the successful claims. Defendants correctly note that the discrimination claims were central to the plaintiffs' actions, as evidenced by the substantial discovery work, research, and briefing devoted to those claims. (*See, e.g.,* ECF No. 158-2, Plaintiffs' Consolidated Memorandum of Law in Opposition to Defendants' Motion to Dismiss, at 11-28; ECF No. 470, Plaintiffs' Consolidated Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, at 26-29; Trial Tr.,

Vol. I at 12, 28-31; Vol. III at 230-260; Vol. IV at 3-34.)
Nevertheless, in most instances, work performed on plaintiffs'
discrimination claims cannot be separated from work performed on
the claims on which plaintiffs prevailed because all of the
claims "involve[d] a common core of facts or [were] based on
related legal theories." *Khan* at *2 (citing *Hensley*, 461 U.S.
at 435) (internal quotations omitted). Moreover, plaintiffs
have already voluntarily excluded a large number of hours that
had been expended solely on the discrimination claims. (*See*
AARP/SBLS Reply at 8.) Consequently, to the extent that any
remaining hours in the timesheets were devoted to plaintiffs'
discrimination claims, the court finds that those hours were
simultaneously devoted to, and interrelated with, plaintiffs'
successful claims.

Furthermore, even though plaintiffs did not prevail on
their asserted discrimination claims, they achieved a
substantial degree of success at trial. In determining a
party's degree of success at trial, courts look to the
"significance of the overall relief obtained by the plaintiff in
relation to the hours reasonably expended on the litigation."
*Id*. at *3 (citing *Hensley*, 461 U.S. at 435). Here, the
plaintiffs prevailed on most of their claims and ultimately won
a $1.1 million judgment against defendants. (*See* Pl. Mem. at
3.) These claims produced substantial relief for the plaintiffs

and required a significant amount of work from the attorneys
involved.

The court therefore finds no reason to reduce
plaintiffs' fee award based on their asserted lack of success at
trial.

### B.    Excessive and Duplicative Billing

Defendants also argue that plaintiffs' attorneys'
recorded hours are excessive, duplicative, and ambiguous. (*See*
Def. Opp. at 25-26.)  Consequently, defendants urge the court to
apply an across-the-board reduction in the hours requested.
(*Id.*)  In response, plaintiffs argue that the hours should not
be reduced further due to the length and complexity of the
cases.  (AARP/SBLS Reply at 7-8.)

Courts in the Eastern District of New York have found
that an across-the-board reduction is appropriate when a
litigant's time records are unreasonable.  *Manzo v. Sovereign
Motors Cars.*, Ltd, No. 08-CV-122, 2010 WL 1930237, at *8
(E.D.N.Y. May 11, 2010) (reducing requested fees by twenty-five
percent because of overstaffing and duplicative entries); *see
also New York State Ass'n for Retarded Children*, 711 F.2d at
1146 (noting that courts "endorse[] percentage cuts as a
practical means of trimming fat from a fee application");
*Lochren v. Cnty. of Suffolk*, 344 Fed. App'x. 706, 709 (2d Cir.
2009) (finding no abuse of discretion where district court

applied a twenty-five percent reduction in fees because of "needless duplication of work"). Such a reduction is particularly appropriate when an applicant's records include vague entries (*see Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998); when the records indicate block billing (*see Plitz v. Inc. Vill. of Freeport*, No. CV 07-4078, 2011 WL 588255138, at *7 (E.D.N.Y. Nov. 17, 2011); and when the records indicate duplicative work (*see Carco Grp.*, 2011 WL 6012426, at *3 (E.D.N.Y. Dec. 1, 2011).

Plaintiffs' attorneys have submitted contemporaneous time records. (*See* AARP/SBLS Ex. A; SMZ Ex. A.) The court finds that this satisfies the requirement, established in *New York State Ass'n for Retarded Children*, that attorneys provide a record of time expended when applying for fees. 711 F.2d at 1147. Moreover, plaintiffs' counsel have voluntarily written off hours they expended. (*See* AARP/SBLS Mem. at 3.) Nonetheless, upon close review of plaintiffs' records, the court finds that many of the requested hours are excessive, vague, and, at some points, duplicative. There are many instances in which attorneys devoted significant amounts of time to vague tasks such as "organizing files" and "research." (*See* Constantine-Davis Decl. at 8, 16; AARP/SBLS Ex. A.) Such vague language precludes the court from determining whether the time spent on each task was reasonable.

Moreover, multiple attorneys frequently billed for the same assignment, leading to an excessively large number of hours for nearly every attorney. This redundant work was likely the product of the growing number of attorneys working on plaintiffs' cases, and the result was that minor tasks were overstaffed, leading to duplicative work and an unreasonably large fee request.

Accounting for overstaffing, duplicative work, and excessive time spent on minor tasks, the court will exercise its discretion and reduce the number of overall hours by twenty-five percent. *See New York State Ass'n for Retarded Children*, 711 F.2d at 1146 (noting that courts "endorse[] percentage cuts as a practical means of trimming fat from a fee application"); *Lochren*, 344 F. App'x at 709 (finding no abuse of discretion where district court applied a twenty-five percent reduction in fees because of "needless duplication of work"); *Concrete Flotation Sys., Inc. v. Tadco Constr. Corp.*, 2010 WL 2539771, at *8 (E.D.N.Y. Mar. 15, 2010) (applying a twenty-five percent reduction in hours for overstaffing and duplicative work). The court applies this reduction to the hours submitted by all attorneys and paralegal staff.

The following shows the adjusted and reduced reasonable hours expended by plaintiffs' attorneys, the adjusted

and reduced reasonable hourly rates, and the total amount that the court awards in attorneys' fees:

**Attorneys**

| Attorney | Reasonable Hourly Rate | Reasonable Number of Hours | Fees Awarded |
|---|---|---|---|
| Jean Constantine-Davis | $450 | 2,109.98 | $949,491.00 |
| Nina F. Simon | $400 | 812.51 | $325,004.00 |
| J. Christopher Jensen | $450 | 213.23 | $95,953.50 |
| Pavita Krishnaswamy | $325 | 26.25 | $8,531.25 |
| Jennifer Light | $300 | 396.00 | $118,800.00 |
| Sara Manaugh | $300 | 877.50 | $263,250.00 |
| Rachel Geballe | $200 | 294.75 | $58,950.00 |
| Richard J.J. Scarola | $400 | 359.85 | $143,940.00 |
| Amy Bennett | $200 | 59.78 | $11,956.00 |
| Brian Turetsky | $300 | 12.45 | $3,735.00 |
| C. Michael Carlson | $200 | 5.55 | $1,110.00 |
| Frank S. Rossi, II | $200 | 7.65 | $1,530.00 |
| Jon S. Drumwright | $300 | 770.10 | $231,030.00 |
| Mark Peters | $325 | 400.95 | $130,308.75 |
| Rachel G. Balaban | $400 | 34.35 | $13,740.00 |
| Alex Zubatov | $400 | 13.65 | $5,460 |
| **TOTAL** | | | **$2,362,789.50** |

| Paralegal | Reasonable Hourly Rate | Reasonable Number of Hours | Fees Awarded |
|---|---|---|---|
| Andrea L. Ravich | $80.00 | 1.58 | $126.40 |
| Katerina Apostolides | $80.00 | 2.25 | $180.00 |
| Michael Vahala | $80.00 | 1.65 | $132.00 |
| Pearl Zelma | $80.00 | 3.00 | $240.00 |
| **TOTAL** | | | **$678.40** |

| Total Fees Awarded: $2,363,467.90 |
|---|

### III. Costs

Included in plaintiffs' application for attorneys'
fees is a request for $116,901.08 in costs incurred during the
action.  Courts in the Second Circuit typically award costs for
"reasonable out-of-pocket expenses incurred by attorneys and
ordinarily charged to their clients."  *LeBlanc-Sternberg v.
Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (citation omitted);
*see also Miltland Raleigh-Durham v. Meyers*, 840 F. Supp. 235,
239 (S.D.N.Y.) (finding that attorneys' reasonable expenses
could be included in fee awards as long as those expenses were
"incidental and necessary to the representation
of . . . clients") (internal quotation marks omitted).  Non-
recoverable costs, however, are those that are "routine office
overhead" that "must normally be absorbed within the attorney's

hourly rate." *Kuzma v. I.R.S.*, 821 F.2d 930, 934 (2d Cir. 1987).

In the Eastern District of New York, courts have found that most administrative costs are recoverable. *See, e.g.*, *Simmons v. New York City Transit Auth.*, No. CV 02-1575, 2008 WL 630060, at *7 (E.D.N.Y. Mar. 5, 2008) (finding that applicant could recover costs related to filing fees, process servers, postage, travel and photocopying), *vacated and remanded on other grounds*, 575 F3d at 170; *Cho v. Koam Med. Servs.*, 524 F. Supp. 2d 202, 212 (E.D.N.Y. 2007) (finding that applicant could recover costs related to shipping, reproduction, telephone, facsimile, postage, deposition services, deposition transcripts, and legal databases); *Molefi v. Oppenheimer Trust*, No. 03 CV 5631, 2007 WL 538547, at *8 (E.D.N.Y. Feb. 15, 2007) (finding that applicant could recover costs related to mailings, photocopies, and court fees).

Here, almost all of plaintiffs' listed costs were related to legal research, mail delivery, travel, and administrative expenses for hearings, depositions, and court filings. (*See* SMZ Ex. A; AARP/SBLS Ex. A). These expenses are the types of costs that are routinely included in awards for attorneys' fees in the Eastern District of New York. *See Cho*, 524 F. Supp. 2d at 212. A small fraction of the requested costs, however, came from overtime meals. (*See* SMZ Ex. A.) The

court does not grant plaintiffs' request for costs from meals, since these costs comprise "routine office overhead" and are generally not recoverable. *See Kuzma*, 821 F.2d at 934.

After reviewing plaintiffs' requests, the court has determined that the expenditures for document reproduction, shipping, deposition/hearing transcripts, and legal research are reasonable. (*See* SMZ Ex. A; AARP/SBLS Ex. A). Therefore, the court awards $116,818.35 for these items.

## CONCLUSION

For the reasons stated above, the court awards plaintiffs $1,819,979.75 in attorneys' fees and $85,449.38 in costs for work performed by the AARP/SBLS Attorneys. The court also awards plaintiffs $543,488.15 in attorneys' and paralegals' fees and $31,368.97 in costs for work performed by the SMZ Attorneys.

Accordingly, the Clerk of the Court is directed to enter judgment in favor of plaintiffs in the amount of $2,480,286.25 for attorneys' fees and costs.

**SO ORDERED.**

Dated:    July 30, 2012
          Brooklyn, New York

                                    /s/
                          _____
                          **KIYO A. MATSUMOTO**
                          United States District Court
                          Eastern District of New York