**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**SANDRA C. BARKLEY,**

                       **Plaintiff,**

           **-against-**

**UNITED HOMES, LLC, et al.,**

                       **Defendants.**
-------------------------------------------------------------x
**MARY LODGE,**

                       **Plaintiff,**

           **-against-**

**UNITED HOMES, LLC, et al.,**

                       **Defendants.**
-------------------------------------------------------------x
**DEWITT MATHIS,**

                       **Plaintiff,**

           **-against-**

**UNITED HOMES, LLC, et al.,**

                       **Defendants.**
-------------------------------------------------------------x
**RODNEY and SYLVIA GIBBONS,**

                       **Plaintiffs,**

           **-against-**

**UNITED HOMES, LLC, et al.,**

                       **Defendants.**
-------------------------------------------------------------x

**MEMORANDUM**
**AND ORDER**

**04-CV-875 (KAM)**

**05-CV-187 (KAM)**

**05-CV-4386 (KAM)**

**05-CV-5302 (KAM)**

```
-----------------------------------------------------------------x
```
MILES and LISA McDALE,

                        Plaintiffs,

              -against-                               05-CV-5362 (KAM)

UNITED HOMES, LLC, et al.,

                        Defendants.

```
-----------------------------------------------------------------x
```
CHARLENE WASHINGTON,

                        Plaintiff,

              -against-                               05-CV-5679 (KAM)

UNITED HOMES, LLC, et al.,

                        Defendants.
```
-----------------------------------------------------------------x
```

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

      The Court has so-ordered the parties' stipulation regarding post-judgment discovery.

See Order (Jan. 13, 2014) (January 13th Order"), Electronic Case Filing Docket Entry ("DE")

#701.  This opinion briefly explains the rationale for the Court's resolution of two of the

parties' remaining disputes.

    **1.  Information Concerning Galit Hershco's Bank Accounts**

      As reflected in the January 13th Order, defendant Yaron Hershco ("defendant" or "Mr.

Hershco") must answer Question 17 of the Information Subpoena, concerning bank accounts in

the name of his wife, Galit Hershco.  Defendant has failed to sustain his burden of establishing

that the information sought is known to him only by virtue of a confidential spousal communication protected from disclosure by the marital privilege.  Absent such a showing, the Court finds that the information sought relates to ordinary business matters as to which there is no reason to suppose that third parties would not be privy.[1]  See, e.g., G-Fours, Inc. v. Miele, 496 F.2d 809, 811 (2d Cir. 1974).  Furthermore, given the evidence proffered by plaintiffs with respect to transfers of funds between Mr. Hershco's LLC and  his wife's accounts, the Court concludes that information responsive to Question 17 is calculated to assist in collecting on plaintiffs' judgments against Mr. Hershco and that therefore plaintiffs have made a sufficient showing of relevance to warrant post-judgment discovery of financial information related to Galit Hershco.  See generally Universitas Educ., LLC v. Nova Grp., Inc., 2013 WL 3328746, at *3-5 (S.D.N.Y. July 2, 2013).

## 2.  Bank Records Subject to Disclosure

The parties also dispute whether defendant should be required to produce four years of monthly statements for each responsive bank or other financial account (as demanded by plaintiffs) or (as defendant counters) only current statements for such accounts.  The Court finds that the documents sought by plaintiffs are calculated to assist in collecting on plaintiffs' judgments but that, to the extent that any financial institution creates annual year-end summaries of account activity, the production of such year-end summaries, along with current statements, is likely to satisfy plaintiffs' need for transactional information while lessening the

---

[1]  Indeed, the Court has been advised that the Hershco's have caused joint financial statements to be prepared -- presumably with the expectation that such statements would be disclosed to third parties.

burden on defendant and/or the financial institution.  Therefore, to the extent that a financial

institution generates such year-end summaries, those may be produced in lieu of monthly

statements for the years 2009 through 2013.

      **SO ORDERED.**

**Dated:**      **Brooklyn, New York**
              **January 13, 2014**

           /s/ *Roanne L. Mann*
           **ROANNE L. MANN**
           **UNITED STATES MAGISTRATE JUDGE**